PAUL HASTINGS
A Limited Liability Partnership

BRADLEY J. BONDI (*Pro Hac Vice Pending*)
BENJAMIN W. SNYDER (*Pro Hac Vice Pending*)
RONALD K. ANGUAS, JR. (*Pro Hac Vice Pending*)
2050 M Street NW
Washington, DC 20036
Telephone: (202) 551-1701
Email: bradbondi@paulhastings.com
       bensnyder@paulhastings.com
       ronaldanguas@paulhastings.com

CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY         1211
TREVER K. ASAM             8133
LINDSAY N. MCANEELEY       8810
1000 Bishop Street, Suite 1200
Honolulu, HI 96813
Telephone: (808) 521-9200
Email: jportnoy@cades.com
       tasam@cades.com
       lmcaneeley@cades.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION, INC.; HONOLULU SHIP SUPPLY CO.; KAUAʻI KILOHANA PARTNERS; and ALOHA ANUENUE TOURS LLC,<br><br>      Plaintiffs,<br><br>    v.<br><br>GARY S. SUGANUMA, in his capacity as Director of Taxation for the State of Hawaiʻi; | CIVIL NO. 25-00367 JAO-KJM<br><br>**PLAINTIFFS' STATUS REPORT REGARDING SERVICE OF PROCESS** |

| |
|---|
| HAWAIʻI DEPARTMENT OF TAXATION; CHELSIE SAKAI, in her capacity as County Finance Director of the County of Kauaʻi; COUNTY OF KAUAʻI; ANDREW T. KAWANO, in his capacity as Director of the Department of Budget and Fiscal Services for the City and County of Honolulu; CITY AND COUNTY OF HONOLULU; MARCY MARTIN, in her capacity as Director of Finance for the County of Maui; COUNTY OF MAUI; DIANE NAKAGAWA, in her capacity as Director of Finance for the County of Hawaiʻi; and COUNTY OF HAWAIʻI, <br><br>                Defendants. |

## PLAINTIFFS' STATUS REPORT REGARDING SERVICE OF PROCESS

Pursuant to this Court's Electronic Order entered August 28, 2025 (Dkt. No. 32), Plaintiffs Cruise Lines International Association, Inc., Honolulu Ship Supply Co., Kauaʻi Kilohana Partners, and Aloha Anuenue Tours LLC, through counsel, respectfully submit this Status Report to confirm that the Summonses and Complaint have been served on all Defendants in this action.

On August 27, 2025, Plaintiffs filed their Complaint for Declaratory and Injunctive Relief (Dkt. No. 1), along with Proposed Summonses for each Defendant (Dkt. Nos. 2–11), Plaintiffs' Corporate Disclosure Statement (Dkt. No. 12), and a Motion for Preliminary Injunction (Dkt. No. 28). That same day, the Clerk of the

Court issued the requested Summonses for each Defendant (Dkt. Nos. 14–23), and the Court issued its Order Setting Rule 16 Scheduling Conference (Dkt. No. 24).

Due to the time sensitivity of this matter, Plaintiffs provided courtesy copies of the Complaint and Preliminary Injunction Motion via email on August 27, 2025, to the Offices of the State of Hawai'i Attorney General and each respective County Corporation Counsel/County Attorney, with notice that Plaintiffs were separately undertaking formal service of the materials in accordance with the applicable rules.[1]

On August 28, 2025, Plaintiffs provided process servers on O'ahu, Maui, Kaua'i, and Hawai'i Island with copies of the Complaint, applicable Summons, Corporate Disclosure Statement, Preliminary Injunction Motion, and Rule 16 Order for service on the respective Defendants.[2]

Counsel for Plaintiffs is informed that service of those materials has been effected on all Defendants as follows:

---

[1] Rule 4(j)(2) of the Federal Rules of Civil Procedure provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

[2] In an abundance of caution, Plaintiffs also mailed copies of the Preliminary Injunction Motion to the Defendants on the day of the filing (August 27, 2025), care of the State of Hawai'i Attorney General and each respective County Corporation Counsel/County Attorney, to ensure compliance with Local Rule 5.5.

1. Gary S. Suganuma, in his capacity as Director of Taxation for the State of Hawaiʻi, was served by hand delivery of the materials to the State of Hawaiʻi Attorney General's office on Thursday, August 28, 2025, with a copy delivered to Mr. Suganuma's attention at the Hawaiʻi Department of Taxation the same day.

2. Hawaiʻi Department of Taxation was served by hand delivery of the materials to the State of Hawaiʻi Attorney General's office on Thursday, August 28, 2025, with a copy delivered to the Hawaiʻi Department of Taxation the same day.

3. Chelsie Sakai, in her capacity as County Finance Director of the County of Kauaʻi, was served by hand delivery of the materials to the Office of the County Attorney for the County of Kauaʻi on Thursday, August 28, 2025, with a copy delivered to Ms. Sakai's attention at the County of Kauaʻi Department of Finance the same day.

4. County of Kauaʻi was served by hand delivery of the materials to the Office of the County Attorney for the County of Kauaʻi on Thursday, August 28, 2025.

5. Andrew T. Kawano, in his capacity as Director of the Department of Budget and Fiscal Services for the City and County of Honolulu, was personally served by hand delivery of the materials on Friday, August 29, 2025.  Plaintiffs previously attempted to accomplish service on Thursday, August 28, 2025, by hand-delivering the materials to the Department of the Corporation Counsel for the City

and County of Honolulu, but the Department of the Corporation Counsel declined to accept service notwithstanding its authority to accept such service under Haw. Rev. Stat. § 46-71 and Haw. R. Civ. P. 4(d)(6).

6. City and County of Honolulu was served by hand delivery of the materials to the Department of the Corporation Counsel for the City and County of Honolulu on Thursday, August 28, 2025.

7. Marcy Martin, in her capacity as Director of Finance for the County of Maui, was served by hand delivery of the materials to the Department of the Corporation Counsel for the County of Maui on Thursday, August 28, 2025, with a copy delivered to Ms. Martin's attention at the County of Maui Department of Finance the same day.

8. County of Maui was served by hand delivery of the materials to the Department of the Corporation Counsel for the County of Maui on Thursday, August 28, 2025.

9. Diane Nakagawa, in her capacity as Director of Finance for the County of Hawaiʻi, was served by hand delivery of the materials to the Office of the Corporation Counsel for the County of Hawaiʻi on Thursday, August 28, 2025, with a copy delivered to Ms. Nakagawa's attention at the County of Hawaiʻi's Department of Finance the same day.

10. County of Hawaiʻi was served by hand delivery of the materials to the Office of the Corporation Counsel for the County of Hawaiʻi on Thursday, August 28, 2025.

As demonstrated above, Plaintiffs have acted diligently to ensure prompt service of all Defendants. Because the law challenged in this action is scheduled to take effect on January 1, 2026, and service of process has been effected as to all Defendants, Plaintiffs respectfully request that the Court schedule the hearing on the Preliminary Injunction Motion at the earliest practicable date to ensure full consideration of the matter before the law becomes effective.

DATED: Honolulu, Hawaiʻi, August 29, 2025.

/s/ *Lindsay N. McAneeley*
JEFFREY S. PORTNOY
TREVER K. ASAM
LINDSAY N. MCANEELEY
BRADLEY J. BONDI*
BENJAMIN W. SNYDER*
RONALD K. ANGUAS, JR.*

Attorneys for Plaintiffs
CRUISE LINES INTERNATIONAL ASSOCIATION, INC.; HONOLULU SHIP SUPPLY CO.; KAUAʻI KILOHANA PARTNERS; and ALOHA ANUENUE TOURS LLC

*\* Pro Hac Vice Motions Pending*

5