ANNE E. LOPEZ                          7609
Attorney General of Hawaiʻi

NATHAN S.C. CHEE                       6368
KACYN H. FUJII                        12006
MICHAEL D. DUNFORD                    10346
Deputy Attorneys General
Department of the Attorney
   General, State of Hawaiʻi
Hale Auhau Building
425 Queen Street
Honolulu, HI 96813
Telephone: (808) 586-1470
Email:        nathan.s.chee@hawaii.gov
              kacyn.h.fujii@hawaii.gov
              michael.d.dunford@hawaii.gov

Attorneys for Defendant
GARY S. SUGANUMA, in his capacity as
Director of Taxation for the State of Hawaiʻi and
HAWAIʻI DEPARTMENT OF TAXATION

ANDREW SCOTT MICHAELS          10407
Deputy County Attorney
Office of the County Attorney
4444 Rice Street, Suite 220
Lihue, HI 96766
Email:        amichaels@kauai.gov

Attorney for Defendants
CHELSIE SAKAI, in her capacity as County
Finance Director of the County of Kauaʻi
and COUNTY OF KAUAʻI

DANA M.O. VIOLA                        6095
Corporation Counsel

DANIEL M. GLUCK                        7959
NIKKI Y. LOH                          11448
Deputies Corporation Counsel

Department of the Corporation Counsel
1001 Bishop Street, Suite 2020
Honolulu, HI 96813
Telephone: (808) 768-5233
Email:        daniel.gluck@honolulu.gov
              nikki.loh@honolulu.gov

Attorneys for Defendants
ANDREW T. KAWANO, in his capacity as
Director of the Department of Budget and Fiscal
Services for the City and County of Honolulu
and CITY AND COUNTY OF HONOLULU

KENTON S. WERK                    7831
Deputy Corporation Counsel
Department of the Corporation Counsel
200 S. High St.
Kalana O Maui Bldg, 3rd Fl
Wailuku, HI 96793
Email:        kenton.werk@co.maui.hi.us

Attorney for Defendants
MARCY MARTIN, in her capacity as Director of
Finance for the County of Maui and COUNTY OF
MAUI

LERISA L. HEROLDT                    7519
HANNAH EHRIG MCKEE                   11379
STEVEN K. IDEMOTO                    9013
Deputies Corporation Counsel
Office of Corporation Counsel
Hilo Lagoon Centre
101 Aupuni Street, Suite 325
Hilo, HI 96720
Email:      lerisa.heroldt@hawaiicounty.gov
            Hannah.mckee@hawaiicounty.gov
            steven.idemoto@hawaiicounty.gov

Attorneys for Defendants
DIANE NAKAGAWA, in her capacity as Director
of Finance for the County of Hawaiʻi and
COUNTY OF HAWAIʻI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION, INC.; HONOLULU SHIP SUPPLY CO.; KAUAʻI KILOHANA PARTNERS; ALOHA ANUENUE TOURS LLC, <br><br> Plaintiffs, <br><br> v. <br><br> GARY S. SUGANUMA, in his capacity as Director of Taxation for the State of Hawaiʻi; HAWAIʻI DEPARTMENT OF TAXATION; CHELSIE SAKAI, in her capacity as County Finance Director of the County of Kauaʻi; COUNTY OF KAUAʻI; ANDREW T. KAWANO, in his capacity as Director of the | CIVIL NO. 1:25-cv-00367-JAO-KJM JUDGE: The Honorable JILL A. OTAKE <br><br> DEFENDANTS' MOTION TO DISMISS THE COMPLAINT; CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.4(e); CERTIFICATE OF SERVICE |

Department of Budget and Fiscal
Services for the City and County of
Honolulu; CITY AND COUNTY OF
HONOLULU; MARCY MARTIN, in
her capacity as Director of Finance for
the County of Maui; COUNTY OF
MAUI; DIANE NAKAGAWA, in her
capacity as Director of Finance for the
County of Hawaiʻi; COUNTY OF
HAWAIʻI,

                    Defendants.

## DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

Defendants GARY S. SUGANUMA, in his capacity as Director of Taxation
for the State of Hawaiʻi and HAWAIʻI DEPARTMENT OF TAXATION
(collectively, "State Defendants"); CHELSIE SAKAI, in her capacity as County
Finance Director of the County of Kauaʻi; COUNTY OF KAUAʻI; ANDREW T.
KAWANO, in his capacity as Director of the Department of Budget and Fiscal
Services for the City and County of Honolulu; CITY AND COUNTY OF
HONOLULU; MARCY MARTIN, in her capacity as Director of Finance for the
County of Maui; COUNTY OF MAUI; DIANE NAKAGAWA, in her capacity as
Director of Finance for the County of Hawaiʻi; and COUNTY OF HAWAIʻI
(collectively, "County Defendants"), by and through their undersigned counsel and
pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), move this

Honorable Court for an order dismissing Plaintiffs' Complaint for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.

On September 9, 2025, Defendants' counsel reached out to Plaintiffs' counsel to schedule a conference of counsel pursuant to LR 7.8. Plaintiffs' counsel was unavailable to confer until September 12, 2025 and agreed in writing to extend Defendants' deadline to file this motion to September 19, 2025. The conference of counsel took place on September 12, 2025.

# **TABLE OF CONTENTS**

STATEMENT OF FACTS .........................................................................1

LEGAL STANDARD..............................................................................2

ARGUMENT ..........................................................................................4

I.   Under the Tax Injunction Act, This Court Lacks Jurisdiction to Grant
Declaratory and Injunctive relief. ..........................................................4

  A.   Granting the relief that Plaintiffs seek would affect the collection of state
  taxes. ...................................................................................................5

  B.   The State Courts in Hawaiʻi Provide a Plain, Speedy, and Efficient Remedy..5

II.    This case should also be dismissed under the comity doctrine. ........................9

III.   This case should be dismissed because Plaintiffs have not sufficiently pled
standing. ..............................................................................................11

  A.   Kilohana, Honship, and Aloha Anuenue Tours lack standing because the state
  tax on cruise ships does not apply to them. ...........................................12

  B.   CLIA has not met its burden of showing that it has pre-enforcement standing.
     16

IV.    Even if this case is not dismissed for lack of jurisdiction, this case should be
dismissed under Federal Rule of Civil Procedure 12(b)(6). .....................18

  A.   The Rivers and Harbors Act ("RHA") claims should be dismissed because the
  RHA provides no private right of action. ..............................................18

  B.   Act 96 does not violate the Tonnage Clause because it does not impose a
  charge for the privilege of entering, trading in, or lying in a port..........19

C.   Plaintiffs' First Amendment claim is unavailing because the registration requirement is not unconstitutional. .....................................................................20

D.   Even if Plaintiffs' claims are not dismissed in their entirety, the named officials should be dismissed, as well as the First Amendment claim and claims as to the registration fee against the County Defendants. ...........................................21

CONCLUSION .........................................................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Air Polynesia, Inc. v. Freitas*, 742 F.2d 546 (9th Cir. 1984)......................................7

*Alcan Aluminium Ltd. v. Dep't of Revenue of State of Or.*, 724 F.2d 1294 (7th Cir. 1984)..............................................................................................................10

*Arkansas v. Farm Credit Servs. of Cent. Arkansas*, 520 U.S. 821 (1997) ...............10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009).......................................................................3

*Bidart Bros. v. California Apple Comm'n*, 73 F.3d 925 (9th Cir. 1996)....................5

*California Sea Urchin Comm'n v. Bean*, 883 F.3d 1173 (9th Cir. 2018).................11

*California v. Grace Brethren Church*, 457 U.S. 393 (1982)......................................5

*Clark v. City of Los Angeles*, No. CV 20-10768 CAS (PVC), 2022 WL 22911396 (C.D. Cal. Apr. 15, 2022) ......................................................................................22

*Dillon v. State of Montana*, 634 F.2d 463 (9th Cir. 1980)..........................................4

*Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100 (1981)............9

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167 (2000) .........................................................................................................................12, 17

*Great Minds v. Office Depot, Inc.*, 945 F.3d 1106 (9th Cir. 2019) ............................3

*Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817 (7th Cir. 1978)..................................10

*Hyatt v. Yee*, 871 F.3d 1067 (9th Cir. 2017).........................................................6, 8

*Kentucky v. Graham*, 473 U.S. 159 (1985)..............................................................22

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). ............................2

*Kowalski v. Tesmer*, 543 U.S. 125 (2004) ...................................................15

*Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991) .....................................22

*Levin v. Commerce Energy, Inc.*, 560 U.S. 413 (2010). ........................................9, 10

*Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952 (9th Cir. 2021) ...............................................................................19

*Lil' Man In The Boat, Inc. v. City & Cnty. of San Francisco*, No. 17-CV-00904-JST, 2019 WL 8263440 (N.D. Cal. Nov. 26, 2019) .......................................19

*Lowe v. Washoe Cnty.*, 627 F.3d 1151 (9th Cir. 2010)...........................................6

*Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992) .......................................11

*Makai Ranch, LLC v. City & Cnty. of Honolulu*, No. 23-00230 JAO-WRP, 2023 WL 12126782 (D. Haw. Dec. 20, 2023).........................................................10

*Mandel v. Hutchinson*, 494 F.2d 364 (9th Cir. 1974).............................................6

*Marvin F. Poer & Co. v. Cntys. of Alameda*, 725 F.2d 1234 (9th Cir. 1984) ............4

*Matter of Aloha Motors, Inc.*, 69 Haw. 515 (1988).............................................7

*Moore v. Kamikawa*, 940 F. Supp. 260 (D. Haw. 1995) ...........................................8

*Naruto v. Slater*, 888 F.3d 418 (9th Cir. 2018)...........................................15

*Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582 (1995)...9

*Park v. City & Cnty. of Honolulu*, 292 F. Supp. 3d 1080 (D. Haw. 2018)...............22

*Peace Ranch, LLC v. Bonta*, 93 F.4th 482 (9th Cir. 2024).......................................12

*Polar Tankers, Inc. v. City of Valdez*, 557 U.S. 1 (2009) ........................................19

*Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503 (1981). ...........................................4, 6

*Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014)........................................12

*UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006 (9th Cir. 2013) ..................................................................................................................3

*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003)....................3

**Statutes, Rules, and Ordinances**

28 U.S.C. § 1341.........................................................................................................4, 6

33 U.S.C. § 5(b)(2)........................................................................................................18

Act 96 (Session Laws of Hawai'i 2025).........................................................................2

FRCP 12(b)(1)................................................................................................................2

Haw. Cnty. Code § 2-265...............................................................................................7

HRS § 232-11..............................................................................................................7, 8

HRS § 232-13..................................................................................................................7

HRS § 232-14.5...............................................................................................................6

HRS § 237D–1.................................................................................................................2

Kauai Cnty. Code § 5-4.12.............................................................................................7

Maui Cnty. Code § 3.47.120...........................................................................................7

Revised Ordinances of Honolulu § 8A-1.16...................................................................7

## INTRODUCTION

Act 96, a state tax law going into effect on January 1, 2026, ensures that the transient accommodation tax ("TAT") applies to all short-term accommodations, including those located on cruise ships. Plaintiffs seek to invalidate and enjoin enforcement of the portions of Act 96 applying the TAT to cruise ships. The federal district courts, however, are expressly prohibited from granting such relief under the Tax Injunction Act and the comity doctrine. The Court can and should end its analysis here because it lacks jurisdiction to entertain Plaintiffs' claims.

If the Court decides that the Tax Injunction Act does not bar its jurisdiction, this case should be dismissed because Plaintiffs lack standing to bring this pre-enforcement challenge to Act 96. Finally, even if this Court finds jurisdiction over this case, Plaintiffs' claims should be dismissed under Rule 12(b)(6) because Act 96 is not unconstitutional under the Tonnage Clause or the First Amendment and because the Rivers and Harbors Act does not provide for a private right of action.

## STATEMENT OF FACTS

The State of Hawaiʻi imposes a transient accommodation tax on short-term accommodations in the state, including hotel rooms, rental apartments, beach houses, and similar living accommodations. *See* Hawaiʻi Revised Statutes (HRS) 237D *et seq*. However, short-term accommodations located on cruise ships are not currently subject to the TAT.

1

In May 2025, the Governor signed into law Act 96, Session Laws of Hawai‘i 2025.  Relevant to this case, Act 96 has provisions that will assess the TAT on the gross receipts derived from cruise fares effective January 1, 2026.  *See* Act 96; HRS § 237D-1 (2026).  In other words, Act 96 closes the loophole in the TAT for accommodations located on cruise ships.

Plaintiffs Cruise Lines International Association, Inc. (CLIA), Honolulu Ship Supply Co. (Honship), Kaua‘i Kilohana Partners (Kilohana), and Aloha Anuenue Tours LLC (collectively, "Plaintiffs") bring this suit in federal court in an attempt to enjoin Defendants from enforcing the state tax on cruise ships.  They allege that the forthcoming tax on cruise ships and related provisions violate the Tonnage Clause of the U.S. Constitution, the First Amendment, and the Rivers and Harbors Appropriation Act.  Plaintiffs ask this Court to declare Act 96 unconstitutional and enjoin enforcement of the statute.

## LEGAL STANDARD

A motion to dismiss may be made pursuant to Federal Rule of Civil Procedure 12(b)(1) for "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, "[i]t is presumed that a cause lies

outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the [plaintiff]." *Id.*

A jurisdictional challenge under Rule 12(b)(1) may be made on the face of the pleadings or by presenting extrinsic evidence. *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). In a facial attack, all allegations of fact in the complaint are accepted as true and are construed in the light most favorable to the plaintiffs. *Id.* The Court is not, however, required to accept as true conclusory allegations that are contradicted by documents referred to in the complaint or legal conclusions that are cast in the form of factual allegations. *Id.*

Fed. R. Civ. P. 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged." *UMG Recordings, Inc. v. Shelter Cap. Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). If a court finds that the facts alleged are insufficient to "raise a right to relief above the speculative level and support a cognizable legal theory, it may dismiss the complaint as a matter of law." *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019) (internal quotation marks omitted). For a motion brought

under Rule 12(b)(6), "the Court must take all well-pleaded allegations of material

fact as true and construe them in the light most favorable to the non-moving party."

*Id.*

## ARGUMENT

### I.    Under the Tax Injunction Act, This Court Lacks Jurisdiction to Grant Declaratory and Injunctive relief.

This case should be dismissed under the Tax Injunction Act.  The Tax

Injunction Act provides that federal "district courts shall not enjoin, suspend or

restrain the assessment, levy or collection of any tax under State law where a plain,

speedy and efficient remedy may be had in the courts of such State."  28 U.S.C.

§ 1341.  The "principal motivating force behind the Act . . . [is] to limit drastically

federal district court jurisdiction to interfere with so important a local concern as the

collection of taxes."  *Rosewell v. LaSalle Nat'l Bank*, 450 U.S. 503, 522 (1981).

The Tax Injunction Act is a "broad jurisdictional impediment to federal court

interference" that extends to suits against counties, as well as states.  *See Marvin F.

Poer & Co. v. Cntys. of Alameda*, 725 F.2d 1234, 1236 (9th Cir. 1984) (quoting

*Dillon v. State of Montana*, 634 F.2d 463, 466 (9th Cir. 1980)).

As discussed below, this action should be dismissed because (1) Plaintiffs'

request for relief, if granted, would affect the collection of state taxes; and (2) state

law provides a plain, speedy, and efficient remedy in the state courts.

4

**A. Granting the relief that Plaintiffs seek would affect the collection of state taxes.**

The Tax Injunction Act "prohibits a federal district court, in most circumstances, from issuing an injunction enjoining the collection of state taxes" and also "prohibits a district court from issuing a declaratory judgment holding state tax laws unconstitutional." *California v. Grace Brethren Church*, 457 U.S. 393, 408 (1982).

Plaintiffs request both declaratory and injunctive relief. Plaintiffs' requests for relief may be reasonably construed as one to invalidate the provisions of Act 96 that apply to cruise ships and to enjoin the State of Hawaiʻi (and its counties) from collecting taxes in accordance with these provisions.[1] These are the precise actions proscribed by the Tax Injunction Act. Because Plaintiffs' requested relief, if granted, would "enjoin[] the collection of state taxes," *Grace Brethren Church*, 457 U.S. at 408, this action falls squarely within the purview of the Tax Injunction Act and should be dismissed.

**B. The State Courts in Hawaiʻi Provide a Plain, Speedy, and Efficient Remedy.**

---

[1] There is no question that the Transient Accommodations Tax is a tax, as the TAT is imposed by the legislature and the funds raised are to be used for the public benefit—and not, for example, to defray costs associated with regulating cruise ships. *See Bidart Bros. v. California Apple Comm'n*, 73 F.3d 925, 931-32 (9th Cir. 1996).

The Tax Injunction Act deprives a federal district court of jurisdiction if state law provides a "plain, speedy and efficient remedy" in State court.  28 U.S.C. § 1341.  "The state court remedy need not be 'the best remedy available or even equal to or better than the remedy which might be available in the federal courts.'" *Lowe v. Washoe Cnty.*, 627 F.3d 1151, 1155-56 (9th Cir. 2010) (internal quotations omitted) (quoting *Mandel v. Hutchinson*, 494 F.2d 364, 367 (9th Cir. 1974)). Instead, "[t]his narrow exception requires only that a state court remedy meet certain minimal procedural criteria."  *Hyatt v. Yee*, 871 F.3d 1067, 1073 (9th Cir. 2017) (internal citations and quotations omitted).  "Specifically, a plain, speedy, and efficient remedy must provide a taxpayer with 'a full hearing and judicial determination at which he may raise any and all constitutional objections to the tax.'"  *Hyatt*, 871 F.3d at 1073 (original brackets omitted) (quoting *Rosewell*, 40 U.S. at 514).

Here, a taxpayer who seeks to challenge the constitutionality of the Transient Accommodation Tax may submit a request to the Department of Taxation for a refund, and upon the Department's denial of the request, or the Department's failure to take action on the request, the taxpayer may appeal to the Tax Appeal Court of the State of Hawai'i (Tax Appeal Court).  HRS § 232-14.5.[2]  Alternatively, a

---

[2] HRS § 232-14.5(a) provides: "The denial in whole or in part by the department of taxation of a tax refund claim may be appealed by the filing of a written notice of appeal to the taxation board of review or the tax appeal court within thirty days after

taxpayer could refrain from paying the tax, receive an tax assessment, and appeal

that assessment to the Tax Appeal Court.  *See* HRS §§ 237D-11, 235-114; *Matter of*

*Aloha Motors, Inc.*, 69 Haw. 515, 520 (1988) (explaining that an aggrieved taxpayer

may appeal to the Tax Appeal Court from "adverse rulings by the Tax Director").

Upon appeal, the Tax Appeal Court "shall determine all questions of fact and all

questions of law, including constitutional questions."[3]  HRS § 232-13; *see also* HRS

§ 232-11 (stating that the Tax Appeal Court "shall have the power and authority . . .

to decide all questions of fact and all questions of law, including constitutional

questions").  Each county also provides appeal rights through the Tax Appeal Court.

*See* Maui Cnty. Code § 3.47.120; Haw. Cnty. Code § 2-265; Kaua'i Cnty. Code § 5-

4.12; Revised Ordinances of Honolulu § 8A-1.16.

The Ninth Circuit has directly addressed whether Hawai'i's tax system

provides plain, speedy, and efficient remedies within the meaning of the Tax

Injunction Act.  In *Air Polynesia, Inc. v. Freitas*, the taxpayer sought a preliminary

injunction to prevent the state from collecting the public service tax it assessed.  *Air*

*Polynesia, Inc. v. Freitas*, 742 F.2d 546, 546 (9th Cir. 1984).  The Ninth Circuit held

---

notice of the denial of the claim."  HRS § 232-14.5(b) provides: "An appeal may be
filed with the taxation board of review or the tax appeal court for review of the merits
of a tax refund claim, upon a notice of appeal filed at any time after one hundred
eighty days from the date that the claim was filed; provided that the department has
not given notice of a denial of the claim within that period."
[3] The statute does not create any exception for First Amendment questions.

that the remedy provided under Hawaiʻi law is plain, speedy, and efficient because

the "broad authority" granted in HRS § 232-11 authorizes the Tax Appeal Court "to

decide all questions of fact and all questions of law, including constitutional

questions." *Id.* at 548.  Because the Tax Appeal Court "can provide a full and fair

hearing on these claims, . . . the minimal procedural requirements [of the Tax

Injunction Act] are therefore satisfied." *Id.*; *see also Moore v. Kamikawa*, 940 F.

Supp. 260, 264 (D. Haw. 1995), *aff'd*, 82 F.3d 423 (9th Cir. 1996).  Because the

Hawaiʻi tax system provides a taxpayer with remedies that satisfy the "minimal

procedural criteria" of the Tax Injunction Act, *Hyatt*, 871 F.3d at 1073, this Court

lacks jurisdiction over this action.

Plaintiffs allege that the state remedies "are neither speedy nor efficient."

(ECF No. 1, PageID.24.)  However, the United States Supreme Court in *Rosewell v.

LaSalle Nat'l Bank* dismissed a similar argument for an Illinois statute.  *Rosewell*,

450 U.S. at 522.  *Rosewell* held that "Illinois' legal remedy that provides property

owners paying property taxes under protest a refund without interest in two years is

'a plain, speedy and efficient remedy' under the Tax Injunction Act." *Id.*  *Rosewell*

acknowledged the reality that litigation could take "many years," *id.* at 518, but

nonetheless dismissed the respondent's argument that the remedy was not "speedy,"

stating that "[n]owhere in the Tax Injunction Act did Congress suggest that the

remedy just be the speediest," *id.* at 520.  And, as discussed above, the Ninth Circuit

in *Air Polynesia* has already decided that the remedy provided under Hawaiʻi law is plain, speedy, and efficient. *Air Polynesia*, 742 F.2d at 548. Under this binding precedent, this Court lacks jurisdiction under the Tax Injunction Act.

In conclusion, this case falls squarely within the Tax Injunction Act and should be dismissed for lack of jurisdiction.

## II. This case should also be dismissed under the comity doctrine.

"[T]he comity doctrine . . . restrains federal courts from entertaining claims for relief that risk disrupting state tax administration." *Levin v. Commerce Energy, Inc.*, 560 U.S. 413, 413 (2010). The comity doctrine applies if an "adequate state-court forum"[4] is available to hear and decide the plaintiff's constitutional claims. *Id.* at 421. "Comity's constraint has particular force when lower federal courts are asked to pass on the constitutionality of state taxation of commercial activity." *Id.*

Notably, the comity doctrine is "more embracive" than the Tax Injunction Act, which "may be best understood as but a partial codification of the federal reluctance to interfere with state taxation." *Id.* at 424 (quoting *Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n*, 515 U.S. 582, 590 (1995)). Thus, "even if the facts of a state tax matter do not technically fit within the language of [the Tax

---

[4] The comity doctrine's requirement that there be a "plain, adequate, and complete" state remedy has "no significant difference" from the Tax Injunction Act's "plain, speedy, and efficient" requirement. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 116 n.8 (1981).

Injunction Act], the federal courts should in their discretion restrain from interfering in the state proceedings." *Alcan Aluminium Ltd. v. Dep't of Revenue of State of Or.*, 724 F.2d 1294, 1297 (7th Cir. 1984) (quoting *Huber Pontiac, Inc. v. Whitler*, 585 F.2d 817, 820 (7th Cir. 1978)).

Plaintiffs challenge the constitutionality of the provisions of Act 96 that assess a state tax on cruise ships. This action is precisely the type of action to which comity's constraint applies. *Levin*, 560 U.S. at 421. Moreover, as previously discussed, Hawaiʻi law provides a plain, speedy, and effective remedy. Accordingly, as an additional ground for lack of jurisdiction, this action should be dismissed under the comity doctrine.

Plaintiffs should also not be allowed to use the $15 one-time license fee to circumvent the Tax Injunction Act's "broad jurisdictional barrier." *Arkansas v. Farm Credit Servs. of Cent. Arkansas*, 520 U.S. 821, 825 (1997). Even if a $15 license fee does not "technically fit within the language of [the Tax Injunction Act]," *Alcan Aluminium*, 724 F.2d at 1297, the Ninth Circuit requires that the Tax Injunction Act and comity doctrines be broadly construed "to prevent an artful pleader from evading § 1341." *Makai Ranch, LLC v. City & Cnty. of Honolulu*, No. 23-00230 JAO-WRP, 2023 WL 12126782, at *17 (D. Haw. Dec. 20, 2023) (Otake, J.) (quoting *Marvin F. Poer*, 725 F.2d at 1236) (internal quotation marks and alterations omitted). Because granting relief to Plaintiffs would affect the collection

10

of state taxes, this Court should use its "discretion [to] restrain from interfering" in this state tax matter under the principle of comity. *Alcan Aluminium*, 724 F.2d at 1297.

### III.    This case should be dismissed because Plaintiffs have not sufficiently pled standing.

Even if the Tax Injunction Act and the principle of comity do not bar this action in its entirety, it is still subject to dismissal because all Plaintiffs lack standing.

The Constitution of the United States "limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." *Id.* at 560.

Plaintiffs "bear[] the burden of establishing the[] elements [of standing]." *Id.* at 561. "In order to have standing, a plaintiff must show: '(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *California Sea Urchin Comm'n v. Bean*, 883 F.3d 1173, 1180 (9th Cir. 2018), *as amended* (Apr. 18, 2018) (quoting

11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).

"Pre-enforcement injury is a special subset of injury-in-fact." *Peace Ranch, LLC v. Bonta*, 93 F.4th 482, 487 (9th Cir. 2024). "Typically, plaintiffs must allege an injury at the time of filing. For pre-enforcement plaintiffs, the injury is the anticipated enforcement of the challenged statute in the future." *Id.*

For pre-enforcement challenges, Plaintiffs must establish that they have: (1) "an intention to engage in a course of conduct arguably affected with a constitutional interest"; (2) that their "intended future conduct" is "arguably . . . proscribed by [the] statute" they wish to challenge; and (3) that there is a "substantial threat" of enforcement. *Id.* at 488 (following the factors articulated by the United States Supreme Court in *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 161 (2014)).

### A. Kilohana, Honship, and Aloha Anuenue Tours lack standing because the state tax on cruise ships does not apply to them.

The Act 96 provisions that Plaintiffs challenge do not go into effect until January 1, 2026. Therefore, their "injury is the anticipated enforcement of the challenged statute in the future," *Peace Ranch, LLC*, 93 F.4th at 487, and Plaintiffs must demonstrate that they have pre-enforcement standing.

12

Kilohana, Honship, and Aloha Anuenue Tours allege that their claims can go forward, notwithstanding the Tax Injunction Act, because they have no state remedy to challenge Act 96's provisions on cruise ships. However, these plaintiffs lack standing: they have not demonstrated, and cannot demonstrate, that they "ha[ve] suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *California Sea Urchin Comm'n*, 883 F.3d at 1180.

Honship is in the business of servicing ships (ECF No. 1, PageID.6), Kilohana "provides visitors with scenic train rides, rum tasting, artisan shops, luaus, and opportunities to interact with local livestock" (ECF No. 1, PageID.7), and Aloha Anuenue Tours "offers guided motorcoach tours" on Hawaiʻi Island (ECF No. 1, PageID.7). None of these three plaintiffs own or operate cruise ships, and therefore, none of them will be assessed the state tax on cruise ships (or be subject to any of Act 96's other requirements).

Kilohana, Honship, and Aloha Anuenue Tours assert that if the tax on cruise ships goes into effect, it would necessarily raise cruise fares, reduce the number of cruise passengers, and decrease business for each of the three companies. But this is merely conjecture—it assumes, for example, that the cruise ships will pass on the TAT to their customers. The articulated harm to Kilohana, Honship, and Aloha Anuenue Tours is too attenuated to establish injury in fact. *See California Sea*

*Urchin Comm'n*, 883 F.3d at 1180 ("[T]o show a concrete and particularized harm a plaintiff must do more than allege a potential risk of [harm].").

Kilohana, Honship, and Aloha Anuenue Tours also fail to satisfy the *Driehaus* factors that the Ninth Circuit adopted for pre-enforcement standing. The first *Driehaus* factor requires a plaintiff to "establish that it has 'an intention to engage in a course of conduct arguably affected with a constitutional interest.'" *Peace Ranch, LLC*, 93 F.4th at 488 (quoting *Driehaus*, 573 U.S. at 161). "That is to say, courts must ask whether the plaintiff would have the intention to engage in the proscribed conduct, were it not proscribed." *Id.* Act 96 provides that cruise ships are subject to the state TAT requirements; the conduct proscribed by Act 96 is failure to comply with this requirement. Kilohana, Honship, and Aloha Anuenue Tours are not subject to any of Act 96's requirements and therefore could not "have the intention to engage in the proscribed conduct" of violating Act 96. *Id.*

Second, Kilohana, Honship, and Aloha Anuenue Tours' "intended future conduct" is not "arguably . . . proscribed by [the] statute" they challenge. *Id.* at 489. Assuming that their "intended future conduct" is to continue operating their businesses, this conduct is not "proscribed" by the provisions of Act 96 that apply to cruise ships. *Id.* As discussed above, Act 96 does not apply to or mention the business activities of companies like Kilohana, Honship, and Aloha Anuenue Tours at all.

14

Third, there is no "substantial threat of enforcement" against Kilohana,

Honship, and Aloha Anuenue Tours because they would not be subject to any of Act

96's requirements. *Id.* at 488. Therefore, Kilohana, Honship, and Aloha Anuenue

Tours fail to demonstrate standing because they cannot show injury in fact. *See*

*Lujan*, 504 U.S. at 562 ("[W]hen the plaintiff is not himself the object of the

government action or inaction he challenges, standing is . . . substantially more

difficult to establish.") (internal quotation marks omitted).

Finally, even if Kilohana, Honship, and Aloha Anuenue Tours suffer the kind

of injury sufficient to support Article III standing, they still lack the ability to bring

these claims because the rights they seek to assert are not *their* rights. Such claims,

"where a party has an Article III injury, but she must advance someone else's rights

to achieve redress," are third-party claims. *Naruto v. Slater*, 888 F.3d 418, 430 n.3

(9th Cir. 2018) (Smith, J, concurring in part). The general rule is that a litigant

"cannot rest his claim to relief on the legal rights or interests of third parties," unless

two additional requirements are met: the litigant must show a close relationship with

the party; and there must be a hinderance that would interfere with the possessors'

ability to protect their own interests. *Kowalski v. Tesmer*, 543 U.S. 125, 129, (2004)

(cleaned up).

Kilohana, Honship, and Aloha Anuenue Tours are classic third-parties; they

are not subject to any of the requirements of Act 96. Instead, their claimed injuries

stem from the alleged infringement of the rights of proprietors of affected cruise ships. But these companies do not plead a close relationship with any cruise companies, nor is there any reason to believe that the cruise companies are incapable of protecting their own interests from the state. *Id.* Kilohana, Honship, and Aloha Anuenue Tours simply cannot meet the requirements for third-party standing even if they could show Article III standing.

In sum, Kilohana, Honship, and Aloha Anuenue Tours are not companies operating cruise ships; they are tourism and ship servicing companies that would not be subject to any of Act 96's requirements. Therefore, even if their claims were not barred by the Tax Injunction Act, they would lack standing to challenge Act 96; they cannot use the lack of entitlement to a remedy caused by their lack of standing to defeat the application of the Tax Injunction Act to this case. But the Tax Injunction Act applies to this case because there are adequate state remedies allowing a *taxpayer—i.e.*, a party with standing—to bring its challenge in the state system.

## B. CLIA has not met its burden of showing that it has pre-enforcement standing.

Similarly, CLIA also does not satisfy any of the *Driehaus* factors for pre-enforcement standing. Like Kilohana, Honship, and Aloha Anuenue Tours, CLIA is also not an entity that would be subject to Act 96's imposition of the TAT on cruise

16

ships.  As an entity not subject to Act 96's requirements, CLIA could not "engage in the proscribed conduct" of failing to comply with Act 96.  *Peace Ranch, LLC*, 93 F.4th at 488.  CLIA also has not alleged any "intended future conduct" that would violate Act 96, either for itself or for its members.  *Id.* at 489.  There is also no "substantial threat of enforcement" against CLIA because Act 96 does not apply to it.  *Id.*

Further, CLIA has failed to adequately plead associational standing.  "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  *Friends of the Earth, Inc.*, 528 U.S. 167, 181 (2000) (citing *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343 (1977)); *accord Satanic Temple v. Labrador*, No. 24-1243, 2025 WL 2524437, at *3 (9th Cir. Sept. 2, 2025).  Plaintiffs do not adequately plead whether "the interests at stake"—the cruise ships' interest in paying lower taxes—is "germane to the organization's purpose" because their complaint does not clearly state what the CLIA's purpose is, or how it relates to this litigation.  Without more information on what CLIA's purpose is, Plaintiffs have not met their burden of showing that CLIA has standing.  Plaintiffs also do not adequately allege that its "members would otherwise have standing to sue in their

17

own right" in this pre-enforcement challenge. The complaint does not allege, for example, that its members intend to engage in any future conduct that would violate Act 96. *Peace Ranch, LLC*, 93 F.4th at 489.

In conclusion, this Court should dismiss this case because Plaintiffs have not met their burden of showing that they have standing.

## IV. Even if this case is not dismissed for lack of jurisdiction, this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

As discussed, this case should be dismissed for lack of jurisdiction under the Tax Injunction Act and comity doctrine, and because plaintiffs fail to adequately plead standing in this pre-enforcement action. But even if the Court finds jurisdiction over this case, Plaintiffs also fail to state a claim for which relief may be granted on each of their claims.

### A. The Rivers and Harbors Act ("RHA") claims should be dismissed because the RHA provides no private right of action.

Counts III and IV, which are brought under the Rivers and Harbors Act ("RHA"), should be dismissed because the RHA does not provide a private right of action. Section 5(b)(2) of the RHA states: "No taxes, . . . shall be levied upon or collected from any vessel . . . , except for . . . reasonable fees charged on a fair and equitable basis that . . . are used solely to pay the cost of a service to the vessel . . . ." 33 U.S.C. § 5(b)(2).

The Ninth Circuit held that Section 5(b) of the RHA does not create a private right of action. *Lil' Man in the Boat, Inc. v. City & Cnty. of San Francisco*, 5 F.4th 952, 963 (9th Cir. 2021) (examining the text, structure, and legislative history of the RHA to conclude that "Congress did not intend to imply a private right of action" in the RHA). Thus, Plaintiffs' claims brought under the RHA (Counts III and IV) should be dismissed because Plaintiffs lack authority as private citizens to bring these claims.[5]

## B. Act 96 does not violate the Tonnage Clause because it does not impose a charge for the privilege of entering, trading in, or lying in a port.

Counts I and II should be dismissed because Act 96 does not violate the Tonnage Clause. The Tonnage Clause "forbids all charges . . . that impose a charge for the privilege of entering, trading in, or lying in a port." *Polar Tankers, Inc. v. City of Valdez*, 557 U.S. 1, 9 (2009) (internal quotation marks omitted). However, as the United States Supreme Court has said, "nothing in the history of the adoption of the Clause, the purpose of the Clause, or this Court's interpretation of the Clause suggests that it operates as a ban on *any and all* taxes which fall on vessels that use a State's port, harbor, or other waterways." *Id.* "Such a radical proposition would

---

[5] It the court finds that there is a right to bring an RHA claim, such a claim would also fail because the challenged conduct here does not fall within the intended scope of the RHA. *See Lil' Man In The Boat, Inc. v. City & Cnty. of San Francisco*, No. 17-CV-00904-JST, 2019 WL 8263440, at *8 (N.D. Cal. Nov. 26, 2019), *aff'd on alternative grounds*, 5 F.4th 952 (9th Cir. 2021).

transform the Tonnage Clause from one that protects vessels, and their owners, from discrimination by seaboard States, to one that gives vessels preferential treatment vis-à-vis all other property, and its owners, in a seaboard State." *Id.* Therefore, "[t]he Tonnage Clause cannot be read to give vessels such preferential treatment." *Id.* (internal quotation marks omitted).

The Tonnage Clause does not apply to this case because the TAT is not "a charge for the privilege of entering, trading in, or lying in a port." *Id.* It is a tax on short-term accommodations, regardless of whether those accommodations are located in a hotel, a rental apartment, or on a cruise ship. Vessels that do not offer short-term accommodations to passengers would not subject to the TAT at all. Because the TAT is unrelated to "the privilege of entering, trading in, or lying in a port," there is no violation of the Tonnage Clause.[6] *Id.* And, as the U.S. Supreme Court has stated, the "Tonnage Clause cannot be read to give [cruise ships] . . . preferential treatment" over other transient accommodation providers like hotels. *Id.* Therefore, the Tonnage Clause claims (Counts I and II) should also be dismissed.

## C. Plaintiffs' First Amendment claim is unavailing because the registration requirement is not unconstitutional.

_____

[6] The $15 license fee and registration requirement set out in HRS § 237D-4(a) is also unrelated to "the privilege of entering, trading in, or lying in a port." *Polar Tankers, Inc.*, 557 U.S. at 9.

Because Plaintiffs' Tonnage Clause claim fails, their First Amendment claim also necessarily fails. They allege that because the requirement to register as a transient accommodation provider is unconstitutional, it is a violation of the First Amendment to have to display proof of registration under that allegedly unconstitutional scheme. Other than the First Amendment claim, the only other constitutional argument Plaintiffs make is under the Tonnage Clause. Because the Tonnage Clause claim is unavailing, so too is their First Amendment claim (Count V). Plaintiffs are also not entitled to declaratory relief (Count VI) because there is no constitutional basis for invalidating the provisions of Act 96 that apply to cruise ships.

### D. Even if Plaintiffs' claims are not dismissed in their entirety, the named officials should be dismissed, as well as the First Amendment claim and claims as to the registration fee against the County Defendants.

Even if Plaintiffs' claims are not dismissed on the above grounds, the Defendants who are named officials should be dismissed from this case as redundant.[7] It is well-settled law that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473

---

[7] The named official Defendants are Gary S. Suganuma, in his capacity as Director of Taxation, State of Hawaiʻi; Chelsea Sakai, in her capacity as County Finance Director of the County of Kauaʻi; Andrew T. Kawano, in his capacity as Director of the Department of Budget and Fiscal Services for the City and County of Honolulu; Marcy Martin, in her capacity as Director of Finance for the County of Maui; and Diane Nakagawa, in her capacity as Director of Finance for the County of Hawaiʻi.

U.S. 159, 166 (1985); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir.

1991) ("A suit against a governmental officer in his official capacity is equivalent to

a suit against the governmental entity itself."). "In such instances, courts routinely

dismiss the official capacity claims as redundant." *Clark v. City of Los Angeles*, No.

CV 20-10768 CAS (PVC), 2022 WL 22911396, at *2 (C.D. Cal. Apr. 15, 2022)

(collecting cases).

Accordingly, this Court should dismiss Plaintiffs' claims against the named

official Defendants with prejudice. *See Park v. City & Cnty. of Honolulu*, 292 F.

Supp. 3d 1080, 1090 (D. Haw. 2018) (dismissing with prejudice official capacity

claims against individual defendants).

Finally, the complaint does not specify which claims are brought against

which Defendants. However, Plaintiffs' First Amendment claim (Count V) and all

other claims (Counts I, II, III, IV, and VI) as to the $15 registration fee make no

factual allegations as to any County Defendant. To the extent Plaintiffs bring all

claims against all Defendants, Defendants respectfully request that the First

Amendment claim and the claims as to the registration fee be dismissed against the

County Defendants pursuant to Rule 12(b)(6).

## **CONCLUSION**

For the foregoing reasons, Defendants request that this Court dismiss the complaint for lack of subject matter jurisdiction, or in the alternative, for failure to state a claim upon which relief may be granted.

DATED:     Honolulu, Hawaiʻi, September 19, 2025.

*/s/ Kacyn H. Fujii*
KACYN H. FUJII
MICHAEL D. DUNFORD
NATHAN S. C. CHEE
Deputy Attorneys General

Attorneys for Defendants
GARY S. SUGANUMA, in his capacity as Director of Taxation for the State of Hawaiʻi and
HAWAIʻI DEPARTMENT OF TAXATION

*/s/ Andrew Scott Michaels*
ANDREW SCOTT MICHAELS
Deputy County Attorney

Attorney for Defendants
CHELSIE SAKAI, in her capacity as County Finance Director of the County of Kauaʻi and
COUNTY OF KAUAʻI

DANA M.O. VIOLA
Corporation Counsel

By: */s/ Daniel M. Gluck*
DANIEL M. GLUCK
NIKKI Y. LOH
Deputies Corporation Counsel

Attorneys for Defendants

ANDREW T. KAWANO, in his capacity as
Director of the Department of Budget and
Fiscal Services for the City and County of
Honolulu
and
CITY AND COUNTY OF HONOLULU

*/s/ Kenton S. Werk*
KENTON S. WERK
Deputy Corporation Counsel

Attorney for Defendants
MARCY MARTIN, in her capacity as
Director of Finance for the County of Maui
and
COUNTY OF MAUI

*/s/ Hannah Ehrig McKee*
HANNAH EHRIG MCKEE
LERISA L. HEROLDT
STEVEN K. IDEMOTO
Deputies Corporation Counsel

Attorneys for Defendants
DIANE NAKAGAWA, in her capacity as
Director of Finance for the County of Hawaiʻi
and
COUNTY OF HAWAIʻI

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION, INC.; HONOLULU SHIP SUPPLY CO.; KAUA'I KILOHANA PARTNERS; and ALOHA ANUENUE TOURS, LLC,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>GARY S. SUGANUMA, in his capacity as Director of Taxation for the State of Hawai'i; et. al.,<br><br>                    Defendants. | CIVIL NO. 1:25-cv-00367-JAO-KJM<br><br>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.4(e) |

CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.4(e)

I hereby certify under Local Rule 7.4(e) this document contains 6,100 words.

DATED:   Honolulu, Hawai'i, September 19, 2025.

/s/ Kacyn H. Fujii
KACYN H. FUJII
MICHAEL D. DUNFORD
NATHAN S. C. CHEE
Deputy Attorneys General

Attorneys for Defendants
GARY S. SUGANUMA, in his capacity as Director of Taxation for the State of Hawai'i and
HAWAI'I DEPARTMENT OF TAXATION

1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION, INC.; HONOLULU SHIP SUPPLY CO.; KAUA'I KILOHANA PARTNERS; and ALOHA ANUENUE TOURS, LLC,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>GARY S. SUGANUMA, in his capacity as Director of Taxation for the State of Hawai'i; et. al.,<br><br>　　　　　　Defendants. | CIVIL NO. 1:25-cv-00367-JAO-KJM<br><br>CERTIFICATE OF SERVICE |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on September 19, 2025, the foregoing was served

on the following electronically through CM/ECF:

JEFFREY S. PORTNOY
jportnoy@cades.com

TREVER K. ASAM
tasam@cades.com

LINDSAY N. MCANEELEY
lmcaneeley@cades.com

BRADLEY J. BONDI
bradbondi@paulhastings.com

2

BENJAMIN W. SNYDER
bensnyder@paulhastings.com

RONALD K. ANGUAS, JR.
ronaldanguas@paulhastings.com

Attorneys for Plaintiffs

DATED:   Honolulu, Hawaiʻi, September 19, 2025.

*/s/ Kacyn H. Fujii*
KACYN H. FUJII
MICHAEL D. DUNFORD
NATHAN S. C. CHEE
Deputy Attorneys General

Attorneys for Defendants
GARY S. SUGANUMA, in his capacity as
Director of Taxation for the State of Hawaiʻi
and
HAWAIʻI DEPARTMENT OF
TAXATION

3