IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION, INC., ET AL.,<br><br>    Plaintiffs,<br><br>  vs.<br><br>GARY S. SUGANUMA, in his capacity as Director of Taxation for the State of Hawaii, ET AL.,<br><br>    Defendants. | Civil No. 25-00367 JAO-KJM<br><br>ORDER GRANTING THE UNITED STATES OF AMERICA'S MOTION TO INTERVENE |

ORDER GRANTING THE UNITED
STATES OF AMERICA'S MOTION TO INTERVENE

On November 13, 2025, the United States of America (the "Government") filed a Motion to Intervene. ECF No. 69. On November 21, 2025, Defendants Gary S. Suganuma, in his capacity as Director of Taxation for the State of Hawaiʻi; Hawaiʻi Department of Taxation; Chelsie Sakai, in her capacity as County Finance Director of the County of Kauaʻi; County of Kauaʻi; Andrew T. Kawano, in his capacity as Director of the Department of Budget and Fiscal Services for the City and County of Honolulu; City and County of Honolulu; Marcy Martin, in her capacity as Director of Finance for the County of Maui; County of Maui; Diane Nakagawa, in her capacity as Director of Finance for the County of Hawaiʻi; and County of Hawaiʻi (collectively, "Defendants") filed a Memorandum in

Opposition to the Motion to Intervene ("Opposition"). ECF No. 81. On November 21, 2025, Plaintiffs Cruise Lines International Association, Inc., Honolulu Ship Supply Co., Kauaʻi Kilohana Partners, and Aloha Anuenue Tours, LLC (collectively, "Plaintiffs"), filed a Brief in Support of the Government's Motion to Intervene. ECF No. 85. On November 24, 2025, the Government filed a Reply. ECF No. 86.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully considering the memoranda, applicable law, and record in this case, the Court GRANTS the Motion to Intervene.

## BACKGROUND

On May 25, 2025, Hawaii Governor Joshua Green signed into law Act 96, which imposes a surcharge on businesses that cater to out-of-state visitors. ECF No. 69-2 at 9 ¶ 32. More specifically, Act 96 imposes, in relevant part, an 11% surcharge "on all gross rental proceeds derived from cruise fares prorated by the percentage of days docked at any port in the State in comparison to the total number of days of the voyage." *Id.* at 10 ¶ 35 (quoting Act 96 § 5.1). "Act 96 also authorizes individual Hawaii counties to levy additional surcharges on cruise ships calling at Hawaii ports." *Id.* ¶ 37. In addition, Act 96 imposes registration fees and filing requirements. *Id.* at 12–13 ¶¶ 41–46. Act 96 will take effect on January 1, 2026. *Id.* at 10 ¶ 35.

2

On August 27, 2025, Plaintiffs filed this lawsuit against Defendants. ECF No. 1. Plaintiff Cruise Lines International Association, Inc., is part of a global organization that "advocates for the interests of the cruise community . . . ." ECF No. 1 at 6 ¶ 8. The remaining Plaintiffs are Hawaii businesses, the revenue streams of which rely heavily on cruise ships and/or cruise ship passengers. *Id.* at 6–7 ¶¶ 9–11. Plaintiffs seek (1) a declaratory judgment stating that Act 96 is unconstitutional and in violation of other federal laws, and (2) a permanent injunction enjoining the State of Hawaii and its counties from enforcing Act 96. *Id.* at 35–36.

On September 19, 2025, Defendants filed a Motion to Dismiss the Complaint. ECF No. 53. At around 3:00 p.m. HST on November 13, 2025, the day before the district court's hearing on the Motion to Dismiss, the Government filed the Moton to Intervene. ECF No. 69. The Government also concurrently filed a Motion to Stay Ruling on Motion to Dismiss ("Motion to Stay"), asking the district court to defer resolution of the Motion to Dismiss pending adjudication of the Motion to Intervene. ECF No. 70. That same afternoon, the district court issued an entering order setting a briefing schedule for the Motion to Intervene and the Motion to Stay. ECF No. 71.

On November 14, 2025, the district court held a hearing on the Motion to Dismiss. ECF No. 72. The district court took the Motion to Dismiss under advisement. *Id.* The Motion to Stay is still pending.

DISCUSSION

The Government seeks to intervene as a plaintiff in this case. Federal Rule of Civil Procedure 24 governs intervention. Rule 24 provides for two types of intervention: intervention of right under Rule 24(a) and permissive intervention under Rule 24(b). The Government contends that it meets the requirements for both types of intervention. Because the Court finds that the Government readily satisfies the requirements for permissive intervention under Rule 24(b), the Court need not and does not address intervention of right under Rule 24(a).

Rule 24(b)(2) sets forth the conditions for permissive intervention by a government officer or agency:

> On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
>
> (A)  a statute or executive order administered by the officer or state agency; or
>
> (B)  any regulation, order, requirement, or agreement issued or made under the statute or executive order.

Fed. R. Civ. P. 24(b)(2)(A)–(B). In addition, Rule 24(b)(3) requires the Court, when exercising its discretion as to permissive intervention, to "consider whether intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The Eighth Circuit has aptly summarized Rule 24(b)(2)'s requirements:

> Rule 24(b) requires a proposed intervenor to (1) file a timely motion, (2) be a federal or state governmental officer or agency, (3) administer the statute, executive order, or regulation at issue, and (4) not cause undue delay or prejudice to the original parties' rights, if allowed to (permissively) intervene.

*Coffey v. Comm'r of Internal Revenue*, 663 F.3d 947, 951 (8th Cir. 2011) (citation omitted).

The Court finds that the first requirement is met, as Defendants do not dispute that the Government's Motion to Intervene is timely. The Court also finds that the second and third requirements are met. Defendants assert that the Government "makes no argument for intervention" pursuant to Rule 24(b)(2). ECF No. 81 at 12. While the Government's analysis on permissive intervention is brief, the Government clearly cites to and relies on Rule 24(b)(2) as a basis for its request to intervene. ECF No. 69-1 at 19 (citing Fed. R. Civ. P. 24(b)(2)). Because Defendants do not address this in their Opposition, they waive any argument that the Government does not meet the second and third requirements. *C.f. Hollandsworth v. City & Cnty. of Honolulu*, 489 F. Supp. 3d 1085, 1102 (D. Haw. 2020) ("By failing to raise argument in opposition to [the defendant's] motion to dismiss her . . . claim, Plaintiff has waived her argument for purposes of opposing the instant motion." (citations omitted)).

In any case, the Court finds that the Government is a "federal or state governmental officer or agency" for purposes of Rule 24(b)(2). *See Disability Advocs., Inc. v. Paterson*, No. 03-CV-3209 (NGG), 2009 WL 4506301, at *2

(E.D.N.Y. Nov. 23, 2009) (granting the United States' motion to intervene pursuant to Rule 24(b)(2)). The Court also easily finds that the Government administers the statute at issue in this case, namely, the Rivers and Harbors Appropriations Act of 1884 ("RHA"). Plaintiffs allege that Act 96 violates the RHA. ECF No. 1 at 3 ¶ 3. The Government does the same in its proposed intervenor complaint. ECF No. 69-2 at 3 ¶¶ 3–4. The Government thus satisfies the second and third requirements for permissive intervention under Rule 24(b)(2).

In addition, the Court finds that allowing the Government to intervene will not cause undue delay or prejudice to the parties' rights. Although the timing of the Government's eve-of-hearing filing is frustrating, it remains that the case is still in its early stages. The Motion to Dismiss is still pending, and a scheduling order has not yet been entered. "If anything, allowing intervention will promote judicial economy and spare the parties from needing to litigate" a separate, similar case. *California v. Health & Human Servs.*, 330 F.R.D. 248, 255 (N.D. Cal. 2019) (citing *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989) (noting that "judicial economy is a relevant consideration in deciding a motion for permissive intervention"), *aff'd sub nom. Venegas v. Mitchell*, 495 U.S. 82, 87 (1990)). The Court thus finds that the Government satisfies the fourth requirement for intervention under Rule 24(b)(2).

The parties spend the bulk of their briefing disputing whether the Government's proposed claims are barred by the Tax Injunction Act, 28 U.S.C.

6

§ 1341. The Tax Injunction Act provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Defendants argue that because the court lacks jurisdiction over Plaintiffs' claims pursuant to the Tax Injunction Act, the court likewise lacks jurisdiction over the Government's proposed claims, which are based on the same federal laws. ECF No. 81 at 8.

In support of their argument, Defendants cite to *United States v. County of Nassau*, 79 F. Supp. 2d 190 (E.D.N.Y. 2000). *Id.* at 8–10. In opposing Defendants' argument, the Government relies on *Arkansas v. Farm Credit Servs. of Cent. Ark.*, 520 U.S. 821 (1997). ECF No. 86 at 7–10. The Court has carefully reviewed both cases and believes the parties overstate their impact on the Motion to Intervene. *Arkansas* and *County of Nassau* concern the Tax Injunction Act and the application of its narrow exception where the United States "sues to protect itself or its instrumentalities from state taxation." *Arkansas*, 520 U.S. at 824 (citation omitted). Neither case, however, discusses the Tax Injunction Act in the context of Rule 24 intervention (as of right or permissive). *See generally id.* (concerning an appeal of the district court's order granting summary judgment in favor of the plaintiffs and holding that the district court should have dismissed the case for lack of jurisdiction pursuant to the Tax Injunction Act); *Cnty. of Nassau*, 79 F. Supp. 2d 190 (granting the defendant's motion to dismiss the complaint for

7

lack of jurisdiction pursuant to the Tax Injunction Act). The Court thus finds that *Arkansas* and *County of Nassau* are not directly on point and do not provide guidance for the Court's analysis in deciding the Motion to Intervene.

In the context of Rule 24(b)(1),[1] the Ninth Circuit has previously stated that permissive intervention requires, among other things, an independent ground for jurisdiction. *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (citations omitted). This "requirement stems from the concern that intervention might be used to enlarge inappropriately the jurisdiction of district courts." *Jackson v. Abercrombie*, 282 F.R.D. 507, 520 (D. Haw. 2012) (citing *Geithner*, 644 F.3d at 843). "In federal-question cases, . . . the jurisdictional requirement only prevents the enlargement of federal jurisdiction where the proposed-intervenor seeks to bring state-law claims into the suit." *Id.* (citing *Geithner*, 644 F.3d at 843). The Ninth Circuit has thus clarified that "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases where the proposed intervenor is not raising new claims." *Geithner*, 644 F.3d at 844.

---

[1] Rule 24(b)(1) provides a court discretion to grant intervention to anyone who:

    (A)   is given a conditional right to intervene by a federal statute; or

    (B)   has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24(b)(1)(A)–(B).

Plaintiffs filed this action based on federal-question jurisdiction. ECF No. 1 at 10 ¶ 22 (citing 28 U.S.C. § 1331). Plaintiffs challenge the validity of Act 96 based on federal laws. The Government's proposed claims rely on the same federal laws. The Government does not seek to assert new claims. Thus, pursuant to *Geithner*, the requirement of an independent ground for jurisdiction is inapplicable.

Defendants acknowledge that the "independent ground for jurisdiction" requirement does not apply in this case. *See* ECF No. 81 at 12–13 (quoting *Geithner*, 644 F.3d at 843–44). Defendants contend, though, that this case presents a different scenario because the court lacks jurisdiction over Plaintiffs' claims. *Id.* at 13. According to Defendants, the Government cannot intervene in a case over which the court lacks jurisdiction in the first place.

Whether subject-matter jurisdiction exists over Plaintiffs' claims, however, is not for this Court to determine in deciding the Motion to Intervene. The district court has made no finding that it lacks subject-matter jurisdiction over Plaintiffs' claims, and the Motion to Dismiss is still pending. The sole, relevant inquiry for this Court to answer is whether the Government has met the conditions for any type of Rule 24 intervention. The Court finds that the Government has comfortably done so under Rule 24(b)(2) permissive intervention.

"Once the conditions for permissive intervention are met, intervention rests in the sound discretion of the Court." *Washington v. U.S. Dep't of Trans.*, Case

No. 2:25-cv-00848-TL, 2025 WL 3023041, at *2 (W.D. Wash. Oct. 29, 2025) (quoting *Nooksack Indian Tribe v. Zinke*, 321 F.R.D. 377, 382 (W.D. Wash. 2017)).  Here, the Government satisfies the conditions for permissive intervention.  The Court exercises its discretion to grant the Government's Motion to Intervene.

## CONCLUSION

Based on the foregoing, the Court GRANTS the United States of America's Motion to Intervene (ECF No. 69).  The United States of America must file its proposed complaint by **December 5, 2025**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 4, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Cruise Lines Int'l Ass'n, Inc., et al. v. Suganuma, et al.*, Civil No. 25-00367 JAO-KJM; Order Granting the United States of America's Motion to Intervene

10