IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CRUISE LINES INTERNATIONAL ASSOCIATION, INC., ET AL.,<br><br>            Plaintiffs,<br><br>vs.<br><br>GARY S. SUGANUMA, ET AL.,<br><br>            Defendants. | CIV. NO. 25-00367 JAO-KJM<br><br>ORDER DENYING MOTIONS FOR INJUNCTION PENDING APPEAL (ECF NOS. 106, 107) |

# ORDER DENYING MOTIONS FOR INJUNCTION PENDING APPEAL
# (ECF NOS. 106, 107)

On December 23, 2025, the Court issued an order granting in part and denying in part Defendants[1] Motion to Dismiss and denying the Private Plaintiffs'[2] and intervenor-plaintiff the Federal Government's respective Motions for Preliminary Injunction ("PI Denial Order").  *See* ECF No. 103.  Both sets of Plaintiffs filed notices of appeal, *see* ECF Nos. 104, 105, and now move for an injunction pending appeal, ECF Nos. 106, 107 ("Motions for Injunction Pending Appeal").  Private Plaintiffs request relief by 2:00 p.m. on Saturday December 27, 2025, while the Federal Government seeks relief by Monday December 29, 2025.

---

[1]  Defendants are:  Gary S. Suganuma, the Director of the Hawaiʻi Department of Taxation; Hawaiʻi Department of Taxation; Chelsie Sakai, County Finance Director for the County of Kauaʻi; County of Kauaʻi; Andrew T. Kawano, Director of the Department of Budget and Fiscal Services for the City and County of Honolulu; City and County of Honolulu; Marcy Martin, Director of the Department of Finance for the County of Maui; County of Maui; Diane Nakagawa, Director of the Department of Finance for the County of Hawaiʻi; and County of Hawaiʻi.  The Court will refer to the state and its officials as the "State Defendants," to the counties and officials associated with the counties as the "County Defendants," and to all the defendants as "Defendants."

[2]  In addition to the Federal Government, the plaintiffs are:  Cruise Lines International Association, Inc. ("CLIA"), Honolulu Ship Supply Co., Kauaʻi Kilohana Partners, and Aloha Anuenue Tours LLC (the latter three are the "Local Business Plaintiffs," and collectively with CLIA, "Private Plaintiffs").  The Court will refer to all of the plaintiffs as "Plaintiffs."

For the following reasons, the Court DENIES the Motions for Injunction Pending Appeal.

## I. BACKGROUND

On December 23, 2025, the Court entered an order that, among other things, denied Plaintiffs' Motions for Preliminary Injunction ("PI Denial Order").[3] Plaintiffs—having filed a notices of interlocutory appeal—now move for an injunction pending appeal to the Ninth Circuit. ECF Nos. 106, 107. For the following reasons, the Court DENIES the motions.

While the Court and parties are familiar with the facts and legal issues involved in this complicated case, the Court provides some context. Hawaiʻi imposes a transient accommodation tax on short-term accommodations like hotels and other vacation rentals, and its counties exact a further surcharge on such rentals. The tax statutes also require businesses that provide transient accommodations to pay a small one-time registration fee and conspicuously display notice of such registration. With the passage of Act 96, which is scheduled to take effect January 1, 2026, Hawaiʻi extended this tax and the registration and notification requirements to cruise ships that dock at the state's ports.

---

[3] The capitalized terms have the same meaning as those defined in the PI Denial Order.

Private Plaintiffs contest three parts of the Act 96: (1) the State Tax and County Surcharges, (2) the $15 Registration Fee, and the (3) Notice Requirements. They challenge the first two requirements as violations of the United States Constitution's Tonnage Clause, U.S. Const. art. I, § 10, cl. 3, which courts have interpreted to mean that states may not charge vessels for the privilege of using their ports. They also allege that the Rivers and Harbors Appropriation Act of 1884 ("RHA"), 33 U.S.C. § 5(b), which prohibits non-federal parties from imposing taxes on vessels "operating on any navigable waters" of the United States, preempts Act 96's application to cruise lines. Their Notice Requirements challenge is a bit different—they allege that because the Registration Fee and State Tax and County Surcharges are unconstitutional duties of tonnage, the required display of registration certificates and notices in advertisements violate the First Amendment's restriction on compelled speech.

The Federal Government, meanwhile, makes similar arguments but challenges only the State Tax and County Surcharges and Registration fee as violations of the Tonnage Clause or preempted by the RHA.

In the PI Denial Order, the Court ruled as follows: the Court dismissed the Local Business Plaintiffs' claims for lack of prudential standing. As to CLIA's claims, the Court dismissed its challenge to the tax aspects of Act 96 (the State Tax and County Surcharges) as barred by the Tax Injunction Act, 28 U.S.C. § 1341.

Regardless, the Court concluded that neither the Tax Injunction Act nor comity deprived this Court of jurisdiction over CLIA's challenges to the Registration Fee and Notice Requirements. Similarly, the Court determined that the Tax Injunction Act did not prevent the Court's evaluation of the Federal Government's claims.

The Court thus considered the Private and Federal PI Motions, which sought to enjoin Act 96 before it takes effect on January 1, 2026. After reviewing the sparse (and dated) case law with respect to the Tonnage Clause and RHA, the Court concluded that Plaintiffs had failed to establish likelihood of success, and thus because of the constitutional nature of their claimed injuries, could not show likely irreparable harm either. In any event, the Court recognized that there were serious questions going to the merits of Plaintiffs' challenges, yet declined to issue a preliminary junction, in part because of the strong federalism concerns underpinning the Tax Injunction Act, which seek to prevent federal interference with states' critical interest in tax revenue.

To summarize the Court's likelihood of success analysis, the Court concluded that the generally applicable nature of Hawaii's transient accommodations tax scheme counseled against finding a violation of the Tonnage Clause or preemption by the RHA. Put simply, the charges apply to all short-term accommodation businesses, and that just because cruise lines happen to be boats that use harbors, that does not turn those charges into Duties of Tonnage. To

conclude otherwise would run afoul of the Supreme Court's admonition that the clause cannot be read to give ships "preferential treatment vis-à-vis all other property." *Polar Tankers, Inc. v. City of Valdez, Alaska*, 557 U.S. 1, 9 (2009). Likewise, the Court interpreted the RHA to prevent charges specifically for the use of navigable waters and concluded that Act 96 is a tax on short-term accommodations not the use of the sea. The Court also noted that the one-time flat $15 Registration Fee is a perfectly evenhanded charge as to all purveyors of short-term accommodations, and clearly not discriminatory.

Still, the Court recognized that discriminatory charges on cruise lines would likely violate the Tonnage Clause. And the Court acknowledged that Hawaii's calculation method of the transient accommodations tax differed for cruise lines and land-based businesses. As presented, Act 96 defines "cruise fare," as "inclusive of any mandatory fees" for things like "meals and onboard entertainment." *See* Act 96 § 4.1. Whereas, for land-based transient accommodations, the State defines "gross rental" or "gross rental proceeds" to exclude "[c]harges for guest amenities, including meals, beverages, telephone calls, and laundry." *See* Haw. Admin. R. § 18-237D-1-03(c).

Despite the facial difference in tax calculation method, the Court concluded that at this early stage of the proceedings—and because of the federalism concerns present in the case—Plaintiffs had failed to sufficiently show that the distinction in

6

calculation necessarily placed a heavier burden on cruise lines. It is unclear at this time how the charges will operate in practice, so the Court declined to issue the extraordinary remedy Plaintiffs sought.

After the Court filed its PI Denial Order, Plaintiffs appealed and filed the instant Motions for Injunction Pending appeal within 24 hours. The Court did not seek a written response from Defendants, although it is clear that at least the State Defendants oppose the entry of an injunction pending appeal. *See* ECF No. 106 at 3 n.*.

## II. LEGAL STANDARD

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." Thus, district courts consider whether the moving party has demonstrated a likelihood of success and irreparable harm absent injunctive relief, as well as that the balance of equities tips in their favor and that the injunction is in the public interest. *See NetChoice v. Bonta*, 761 F. Supp. 3d 1232, 1234 (N.D. Cal. 2025) (quoting *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020).

## III. DISCUSSION

Because of the similar standards that apply to the Motion for Injunction Pending Appeal and the Court's PI Denial Order, the Private Plaintiffs correctly

"recognize that the Court determined just yesterday that Plaintiffs have not demonstrated a likelihood of success and that the Court may be unwilling to revisit that assessment" here.  ECF No. 106 at 7.  As such, they propose a more limited alternative and ask the Court to issue an injunction that lasts 30 days or until the Ninth Circuit resolves Plaintiffs' anticipated motions for injunction pending appeal in that court.  *See id.* at 9 (citing *NetChoice*, 761 F. Supp. 3d 1232).  The Federal Government seeks the same.  *See* ECF No. 107 at 2.  The Court declines to enter either form of relief.

The Court DENIES the request for a full injunction pending appeal for the reasons described in the PI Denial Order.  Namely, that Plaintiffs have failed to establish likelihood of success and, therefore, of irreparable injury.  The Court also again stresses the vital state interests on the other side of the ledger.

The Court also DENIES the alternative request for a limited injunction similar to the one entered in *NetChoice*.  First, although the Court acknowledges that this case involved some "close calls," the Court thinks that entering even a limited injunction before the Ninth Circuit's consideration of the case would be extremely disruptive to Hawaii's tax administration.

Second, the timing of the relevant orders in *NetChoice* distinguishes the situation here.  In *NetChoice*, the District Judge issued an order on December 31, 2024 granting in part and denying in part a motion to preliminarily enjoin

California's "Protecting Our Kids from Social Media Addiction Act," which was scheduled to take effect the next day. *See NetChoice*, 761 F. Supp. 3d at 1234; *NetChoice v. Banta*, 761 F. Supp. 3d 1202, 1210 (N.D. Cal. Dec. 31, 2024). The plaintiff moved for an injunction pending appeal on January 1, and the district court entered a 30-day injunction on January 2 to "allow[] the Ninth Circuit time to consider whether to grant its own injunction pending appeal." *Id.* at 1236.

Here, the Court issued its PI Denial Order on December 23 and this order on December 24. Thus, there is still a week for the Ninth Circuit to consider any interim relief. *See Al Otro Lado v. Wolf*, 945 F.3d 1223, 1224 (9th Cir. 2019) (describing temporary or administrative stay procedure in the Ninth Circuit).

The Court also notes that this end-of-the-year scrambling is partly due to the parties' scheduling requests. Indeed, the Court held a hearing on the Private PI Motion on November 14. That hearing itself was continued a couple times to accommodate the parties' schedules. *See* ECF Nos. 51, 66. Also, as noted in the PI Denial Order, the Federal Government moved to intervene on the eve of the November 14 hearing, thus expanding the issues in the case. After the Court granted the motion to intervene, the Court allowed the parties to propose a briefing schedule. *See* ECF No. 89. The parties proposed a briefing schedule that would have concluded on December 22. *See* ECF No. 92. Trying to move more

expeditiously, the Court issued a briefing schedule that culminated on December 16, with a hearing on December 17.  *See* ECF No. 93.

## IV.    CONCLUSION

For the foregoing reasons, the Court DENIES the Motions for Injunction Pending Appeal.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, December 24, 2025.



Jill A. Otake
United States District Judge


CIV. NO. 25-00367 JAO-KJM, *Cruise Lines Int'l Ass'n, Inc., et al. v. Suganuma, et al.*; ORDER DENYING MOTIONS FOR INJUNCTION PENDING APPEAL